# UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **MICHAEL G. NEVERS** | **CIVIL ACTION NO. 08-1316-P** |
| **VERSUS** | **JUDGE HICKS** |
| **SUE HOLIDAY, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the Court is a civil rights complaint filed in forma pauperis by pro se plaintiff Michael G. Nevers ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was filed in the United States District Court for the Eastern District of Louisiana and by order was transferred to this Court on August 29, 2008.  Plaintiff is incarcerated at the Claiborne Parish Detention Center in Homer, Louisiana, and he claims his civil rights were violated by prison officials.  He names Warden Sue Holiday, Nurse Debbie Rockett, and the Claiborne Parish Detention Center as defendants.

Plaintiff claims that on July 16, 2007, he was injured while working in the kitchen. He claims a nozzle "jumped off" and he suffered second and third degree burns to his hands. He claims no one tested the pot prior to him using it.

Plaintiff claims he suffered from July 16, 2007 until July 18, 2007.  He claims that on July 16, 2007, Warden Sue Holiday and Nurse Debbie Rockett had him transported to E.A. Conway Hospital after examining his injuries.  He claims he did not receive proper treatment for his injuries.  He claims the only treatment he received was a hand wrap and that he was told there was nothing else that could be done for his injuries.  He claims he should have received medication for his pain.  He claims that as a result of his pain, his blood pressure was dangerously high.  He claims he could have suffered a heart attack.

Plaintiff claims that on July 17, 2007, he was examined by Debbie Rockett.  He claims she was unable to take the wraps off his hands and informed him that he was being taken to LSU Medical Center.

Plaintiff claims that on July 18, 2007, he was transported to LSU Medical Center.  He claims he received a shot for pain.  He claims the wraps were cut from his hands and cream was applied to his burns.  He also claims blood tests were performed.  He claims he was given medication for pain.

Plaintiff claims that on July 25, 2007, he was transported to LSU Medical Center and treated for high blood pressure.  He claims he was given medication for pain.  He claims that once a week for a month he was transported to LSU Medical Center to have his hands examined.

Plaintiff claims his hands are disabled.  He claims he has difficulty bending his hands at times.  He claims his hands are still inflamed and cause pain.  He claims his hands are sensitive to heat and cold.

Accordingly, Plaintiff seeks monetary and punitive damages.

For the following reasons, Plaintiff's complaint should be dismissed.

## LAW AND ANALYSIS

**Deliberate Indifference to Safety**

Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged unconstitutional conditions of confinement is the Eighth Amendment prohibition against cruel and unusual punishment.  Under the Eighth Amendment, prison officials are required to provide humane conditions of confinement, ensuring that inmates receive adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee safety of inmates.  See Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1994).

An Eighth Amendment claim has two required components. See Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991).  First, the deprivation alleged must be sufficiently serious. See id., 111 S. Ct. at 2324.  "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave" to constitute cruel and

unusual punishment. Id., 111 S. Ct. at 2324 (quoting Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399 (1981)).  Second, the prison official must have acted with a sufficiently culpable state of mind. See id. at 305, 111 S. Ct. at 2328; Farmer, 511 U.S. at 838, 114 S. Ct. at 1979.  In prison condition of confinement cases, that state of mind is deliberate indifference, which the Supreme Court defined as knowing of and disregarding an excessive risk to inmate health or safety.  See id., 114 S. Ct. at 1979.  However, mere neglect and/or negligence do not constitute deliberate indifference.  See Fielder v. Bosshard, 590 F.2d 105, 107 (5th Cir. 1997).

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding that the defendants' conduct was sufficiently harmful enough to deprive him of life's basic necessities.  See Wilson, 501 U.S. at 298, 111 S. Ct. at 2324.  Plaintiff complains that he was injured while working in the kitchen when a nozzle "jumped off" and he received burns to his hands.  He complains that no one tested the pot prior to him using it.  Plaintiff does not allege that Defendants knew the pot and/or nozzles were defective.  Plaintiff has not alleged any facts indicating that Defendants knowingly and unnecessarily placed him in a dangerous environment to the extent that his constitutional rights were violated.  Plaintiff has not alleged that Defendants acted with a culpable state of mind. There has been no allegation that Defendants disregarded an excessive risk to the Plaintiff's health or safety by

failing to take reasonable measures to abate it. <u>Farmer</u>, 114 S.Ct. 1970.  Thus, Plaintiff's claim has failed to satisfy the second requirement of an Eighth Amendment claim.

Accordingly, Plaintiff's claim should be dismissed with prejudice as frivolous.

**Inadequate Medical Care**

Plaintiff claims he was denied adequate medical care after his hands were burned. Plaintiff filed this claim pursuant to 42 U.S.C. § 1983 of the Civil Rights Act which provides redress for persons "deprived of any rights, privileges or immunities" by a person acting under color of state law.  The particular right protected under 42 U.S.C. § 1983 in matters which concern alleged denial of or inadequate medical care is the Eighth Amendment prohibition against cruel and unusual punishment.

The lack of proper inmate medical care rises to the level of a constitutional deprivation under the Eighth Amendment of the United States Constitution only if the evidence shows that the prison officials showed "deliberate indifference to serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976); <u>See</u> <u>also</u> <u>Farmer v. Brennan</u>, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978 (1994).  It is only deliberate indifference, "an unnecessary and wanton infliction of pain" or an act "repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. <u>Estelle</u>, 429 U.S. at 105-06, 97 S. Ct. at 292; <u>See</u> <u>also</u> <u>Gregg v. Georgia</u>, 428 U.S. 153, 96 S. Ct. 2909 (1976).  Further, the plaintiff must establish that the defendants possessed a

culpable state of mind.  See Wilson v. Seiter, 501 U.S. 294, 297-302, 111 S. Ct. 2321, 2323-27 (1991); Farmer, 511 U.S. at 838-47, 114 S. Ct. at 1979-84

In this case, after a thorough review of Plaintiff's complaint, read in a light most favorable to him, the Court finds that the facts alleged do not support a finding of deliberate indifference to serious medical needs.  To the contrary, the record demonstrates that Defendants were attentive to the medical needs of Plaintiff.  It has been consistently held that an inmate who has been examined by medical personnel fails to set forth a valid showing of deliberate indifference to serious medical needs.  Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997);  Callaway v. Smith County, 991 F. Supp. 801, 809 (E.D. Tex. 1998); Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); Mayweather v. Foti, 958 F.2d 91 (5th Cir. 1992).  Plaintiff admits he was seen by medical personnel on several occasions. He admits that on the date of the accident, he was examined and then transported to E.A. Conway Hospital where his hands were wrapped.  He admits that on July 17, 2007, he was examined by Debbie Rockett who told him he needed to be examined at LSU Medical Center.  Plaintiff admits that on July 18, 2007, he was transported to LSU Medical Center and examined.  He admits that he was given pain medication, his burns were treated, and blood work was performed.  He admits that on July 25, 2007, he was transported to LSU Medical Center and treated for high blood pressure.  He admits that once a week for a month he was taken to LSU Medical Center for examinations of his hands. Plaintiff's complaint

is devoid of factual allegations that would tend to show Defendants acted with a culpable state of mind or that their actions were "unnecessary and wanton."

Plaintiff's allegations, if accepted as true, may amount to a state law claim for negligence, a tort.  However, mere negligence, neglect or medical malpractice does not amount to a denial of a constitutional right as these actions on the part of Defendants do not rise to the level of a constitutional tort. See Daniels v. Williams, 474 U.S. 327, 329-30, 106 S. Ct. 662, 664 (1986); Estelle, 429 U.S. at 106, 97 S. Ct. at 292; Lewis v. Woods, 848 F.2d 649, 651 (5th Cir. 1988).  The fact that Plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. See Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

Accordingly, Plaintiff's claim should be dismissed with prejudice as frivolous.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this Court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time, before or after service of process, and before or after answers have been filed.  See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).  District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may

dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact.  See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

For the reasons heretofore stated, it is recommended that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within ten (10) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge the at time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 1st day

of April, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE